David H. Krieger, Esq.
Nevada Bar No. 9086
George Haines, Esq.
Nevada Bar No. 9411
Shawn Miller, Esq
Nevada Bar No. 7825
HAINES & KRIEGER, LLC
8985 S. Eastern Avenue, Suite 350
Henderson, Nevada 89123
Phone: (702) 880-5554
FAX: (702) 9385-5518
Email: dkrieger@hainesandkrieger.com
Email: ghaines@hainesandkrieger.com
Email: smiller@hainesandkrieger.com

Matthew I. Knepper, Esq.
Nevada Bar No. 12796
Miles N. Clark, Esq.
Nevada Bar No. 13848
KNEPPER & CLARK LLC
10040 W. Cheyenne Ave., Suite 170-109
Las Vegas, NV 89129
Phone: (702) 825-6060
Fax: (702) 447-8048
Email: matthew.knepper@knepperclark.com
Email: miles.clark@knepperclark.com

Attorneys for Plaintiff
*SYLVIA QUINN, individually and those similarly situtated*

**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA**

| | |
|---|---|
| SYLVIA QUINN, indvidually and on behalf of all and others similarly situated, | |
| | Civil Action No.: |
| Plaintiff, | |
| v. | **COMPLAINT** |
| WELTMAN, WEINBERG & REIS CO., LPA, | **JURY TRIAL DEMANDED** |
| Defendant. | |

For this Complaint, Plaintiff, SYLVIA QUINN ("Plaintiff") indvidually and on behalf of all and others similarly situated, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA") by negligently, knowingly, and/or willfully making calls which used an artificial or prerecorded voice to Plaintiff's cellular phone without consent, thereby violating the TCPA.

2. Plaintiff alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

3. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367 and this Court has original jurisdiction over Plaintiff's TCPA claims. *Mims v. Arrow Fin. Serv., LLC*, 132 S.Ct. 740 (2012).

4. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) & (c), because Plaintiff resides within the District of Nevada, a substantial portion of the events or omissions giving rise to the claim occurred in this District, and Defendant regularly conducts business in this District.

## PARTIES

5. Plaintiff is an adult individual residing in Las Vegas, Nevada.

6. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

7. Defendant WELTMAN, WEINBERG & REIS CO., LPA ("WWR"), is doing business in the State of Nevada.

8. Defendant is and at all times mentioned herein was, a corporation and is a "person," as defined by 47 U.S.C. § 153 (39).

9. WWR at all times acted by and through one or more of its agents or representatives.

**THE TELEPHONE CONSUMER PROTECTION ACT OF 1991**

10. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

11. The TCPA regulates, among other things, the use of artificial or prerecorded voice calls placed to consumer cellular phones to collect debts.

12. Specifically, 47 U.S.C. § 227(b)(1)(A)(i)-(iii) prohibits any call using an artificial or prerecorded voice to a cellular phone without prior express consent by the person being called, unless the call is for emergency purposes.

13. In *Marks v. Crunch San Diego LLC*, the Ninth Circuit noted that the statutory definition of an ATDS: "equipment which has the capacity—(1) to store numbers to be called or (2) to produce numbers to be called, using a random or sequential number generator—and to dial such numbers automatically (even if the

system must be turned on or triggered by a person)[.]"[1]  The panel clarified that "[c]ommon sense indicates that human intervention of some sort is required before an autodialer can begin making calls, whether turning on the machine or initiating its functions." *Id.*

14.   Consumers have a right to revoke consent from receiving autodialed calls or prerecorded messages by using any reasonable method including orally or in writing.  *Gager v. Dell Fin. Servs., LLC*, 12-2823, 727 F.3d 265, 2013 U.S. App. LEXIS 17579, 2013 WL 4463305 (3d Cir. Aug. 22, 2013).

## FACTUAL ALLEGATIONS

15.   Plaintiff allegedly incurred a debt to Defendant's predecessor in interest, "Navient" for an educational loan (the "Debt" or "debt").

16.   She was was thereafter plagued by Navient's calls for years commencing sometime between 2014 and 2017 to present.

17.   The debt allegedly originated in or about October 2004.

18.   In 2010, Plaintiff ceased making payments on the alleged debt.

19.   Plaintiff did not receive any communication about the debt for some time after that point.

---

[1] --- F.3d ----, 2018 WL 4495553, at *9 (9th Cir. Sept. 20, 2018).  Consequently, the Court rejected appellee's "argument that a device cannot qualify as an ATDS unless it is fully automatic, meaning that it must operate without any human intervention whatsoever." *Id.* at *9.

4

20. However, in or about 2014 and as late at 2017, Navient begain placing numerous calls to her cell phone and informed her she owed payments on the debt.

21. During this time, Plaintiff repeatedly requested Navient cease contacting her by telling Navient's representatives to "stop calling" her cell phone.

22. Indeed, Navient's collection calls continued several months prior to filing the instant suit resulting in a separate lawsuit brought against Navient for its illegal debt collection conduct in this same court.[2]

23. At some point within the last year, Navient transferred, sold, assigned or otherwise conveyed the Debt to WWR for collection.

24. Thereafter, WWR engaged in placing numerous pre-recorded calls using an artificial or prerecorded voice to collect the debt from the Plaintiniff even though Plaintiff already demanded that such communications cease thereby revoking concent to receive such communications on numerous prior instances.

25. Indeed, within the several weeks prior to filing the instant complaint (let alone statutory four year prior under the TCPA), Plaintiff received numerous calls from WWR from the following phone number: (800)-837-0603.

26.  WWR communicated with Plaintiff using "pre-recorded" messages or messages which utilized an "artificial" or "pre-recorded" voice even though Plaintiff

---

[2] See *Sylvia Y. Quinn v. Navient*, 2:18-cv-01794-JAD-CWH (D. NV), filed September 17, 2018.

revokved consent to receive calls regarding this debt as early as 2016 by demanding calls to her cell phone "stop".

27. The calls dialed and complained of here were made using an artificial or prerecorded voice without prior express consent to place such calls to Plaintiff's cell phone.

28. However, Defendant placed artificial or prerecorded voice calls to Plaintiff's cellular telephone without consent in violation of the TCPA even after she advised WWR to cease calling her cell phone. Indeed, Defendant's illegal artificial or prerecorded voice calls have continued until days before filing this complaint.

29. The telephone number Defendant used to contact Plaintiff was and is assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

30. Defendant's calls to Plaintiff's cellular telephone were not for "emergency purposes."

31. Plaintiff suffered actual harm and loss, since each of the unwanted calls depleted Plaintiff's cell phone's battery, and the cost of electricity to recharge the phone is a tangible harm. While small, this cost is a real one, and the cumulative effect can be consequential, just as is true for exposure to X-rays resulting from Defendant's unwanted phone calls to Plaintiff's cell phone.

32. Plaintiff also suffered from an invasion of a legally protected interest by placing calls to Plaintiff's personal phone line when Defendant had no right to do so,

resulting in an invasion of Plaintiff's right to privacy. The TCPA protects consumers from this precise behavior.

33. Plaintiff has a common law right to privacy. *E.g.*, Samuel D. Warren & Louis D. Brandeis, *The Right to Privacy*, 4 Harv. L. Rev. 1155, 193 (1890). Congress sought to further protect that right by enacting the TCPA.

34. "[W]hen a person must endure the bother of unwanted calls in the privacy of her home, her harm is similar to other traditional injuries that courts have long recognized, such as invasion of privacy and nuisance." *Toldi v. Hyundai Capital Am.*, No. 2:16-CV—01877-APG-GWF, 2017 WL 736882, at *2 (D. Nev. Feb. 23, 2017).

35. Plaintiff was also personally affected, since Plaintiff felt Plaintiff's privacy had been invaded when Defendant placed calls to Plaintiff's phone line without any consent to do so.

36. The injury suffered by Plaintiff is concrete because Defendant's violations caused Plaintiff to suffer an invasion of privacy.

### CLASS ACTION ALLEGATIONS

37. Plaintiff brings this action on behalf of herself and Class Members of the proposed Class pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) and/or (b)(2).

38. Plaintiff proposes to represent the following Class consisting of and defined as follows:

> All persons within the United States who received any telephone call(s) from Defendant or its agent(s) and/or employee(s), not for an emergency purpose, on said person's cellular telephone, made through the use of an artificial or prerecorded voice within the four years prior to the filing of this Complaint.

39. WWR and its employees or agents are excluded from the Class, as well as the Court and its officers and employees. Plaintiff does not know the number of members in the Class, but believes the Class members number in the several hundreds, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

40. Plaintiff and members of the Class were harmed by the acts of WWR in at least the following ways: WWR, either directly or through its agents, illegally contacted Plaintiff and the Class members via their cellular telephones by using artificial or prerecorded voice messages, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, and invading the privacy of said Plaintiff and the Class members as discussed above. Plaintiff and the Class members were damaged thereby.

41. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any

recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

42. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through WWR's records or WWR's agents' records.

43. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

   i. Whether, during the proposed class period, WWR or its agent(s) placed any calls utilizing an artificial or prerecorded voice messages to the Class (other than a message made for emergency purposes or made with the prior express consent of the called party) to any telephone number assigned to a cellular telephone service;

   ii. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violations; and

   iii. Whether WWR and its agents should be enjoined from engaging in such conduct in the future.

44. As a person that received at least one non-emergency call via an artificial or prerecorded voice message to their cell phone without prior express consent, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly

9

and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

45. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the WWR's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and WWR will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

46. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

47. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce WWR to comply with federal. The interest of Class members in individually controlling the prosecution of separate claims against WWR is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

48. WWR has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## COUNT I

### Negligent Violations of the Telephone Consumer Protection Act, (47 U.S.C. § 227, *et seq*.)

49. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

50. Defendant negligently placed multiple calls to cellular numbers belonging to Plaintiffs without Plaintiffs' prior express consent using a prerecorded voice and/or artificial messages.

51. Each of the aforementioned calls by Defendant constitutes a negligent violation of the TCPA.

52. As a result of Defendant's negligent violations of the TCPA, Plaintiff and the Class are entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

53. Additionally, Plaintiff and the Class are entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

/ / /

## COUNT II

**Knowing and/or Willful Violations of the
Telephone Consumer Protection Act,
(47 U.S.C. § 227, *et seq.*)**

54. Plaintiffs repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

55. Defendant knowingly and/or willfully placed multiple calls to cellular numbers belonging to Plaintiffs without Plaintiffs' prior express consent using prerecorded voices and/or artificial messages.

56. Each of the aforementioned calls by Defendant constitutes a knowing and/or willful violation of the TCPA.

57. As a result of Defendant's knowing and/or willful violations of the TCPA, Plaintiff and the Class are entitled to an award of treble damages up to $1,500.00 for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

58. Additionally, Plaintiff and the Class are entitled to seek injunctive relief prohibiting such conduct by Defendant in the future.

/ / /

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff seeks for herself and each Class member that judgment be entered against WWR awarding as follows:

1. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

2. Statutory damages of $500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

3. Treble damages of up to $1,500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C);

4. An award of attorney's fees and costs to counsel for Plaintiff; and

5. Such other relief as the Court deems just and proper

/ / /

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: October 3, 2018

        Respectfully submitted,

        By <u>/s/ David H. Krieger, Esq.</u>
        David H. Krieger, Esq.
        Nevada Bar No. 9086
        George Haines, Esq.
        Nevada Bar No. 9411
        Shawn Miller, Esq.
        Nevada Bar No. 7825
        HAINES & KRIEGER, LLC

        Matthew I. Knepper, Esq.
        Nevada Bar No. 12796
        Miles N. Clark, Esq.
        Nevada Bar No. 13848
        KNEPPER & CLARK LLC

        Attorney for Plaintiff
        *SYLVIA QUINN, individually and those similarly situtated*