# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SYLVIA QUINN,<br><br>               Plaintiff,<br><br>   v.<br><br>WELTMAN, WEINBERG & REIS CO, LPA,<br><br>               Defendant. | Case No. 2:18-cv-01909-JAD-CWH<br><br>**ORDER** |

Presently before the court is the parties' joint response (ECF No. 11) and the parties' amended proposed discovery plan (ECF No. 12), both filed on January 31, 2019. On January 24, 2019, the court ordered plaintiff to submit a response to defendant's discovery proposal. (Order (ECF No. 10).) The court also granted leave for defendant to respond to plaintiff's brief. (*Id.*) Defendant moves for a bifurcated discovery schedule. Plaintiff responds opposing bifurcation and requests a 240-day discovery period.

Rule 26(b)(1) of the Federal Rules of Civil Procedure permits discovery of any

> nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). As emphasized in the Advisory Committee Notes, the language of Rule 26(b) "make[s] clear the broad scope of examination and that it may cover not only evidence for use at trial but also inquiry into matters in themselves inadmissible as evidence but which will lead to the discovery of evidence." *Id.* advisory committee's note to 1946 amendment. Further, the court must limit discovery of it determines that:

1　　　　　　　(i) the discovery sought is unreasonably cumulative or duplicative, or can
　　　　　　　be obtained from some other source that is more convenient, less
2　　　　　　　burdensome, or less expensive;
　　　　　　　(ii) the party seeking discovery has had ample opportunity to obtain the
3　　　　　　　information by discovery in the action; or
　　　　　　　(iii) the proposed discovery is outside the scope permitted by Rule
4　　　　　　　26(b)(1).

5　*Id.*

6　　　　In her response, plaintiff states that a 240-day discovery period will ensure that she is not

7　prejudiced by working in good faith with defendant to determine whether this action may be

8　resolved during the discovery period. Plaintiff also opposes bifurcated discovery as discovery

9　for her individual claims as they largely overlap with the claims of the class. (Resp. (ECF No.

10　11).) Plaintiff also argues that bifurcation will delay a ruling on a certification motion,

11　complicate discovery, and increase the cost of litigation. Defendant replies that bifurcated

12　discovery is needed to first determine whether plaintiff's individual claims have merit, before

13　undertaking the added expenses associated with experts. (Am. Proposed Discovery Plan (ECF

14　No. 12).)

15　　　　Having reviewed the parties' arguments, the court finds that bifurcated discovery is

16　unwarranted in this case. Bifurcated discovery would unnecessarily prolong litigation at the

17　expense of the parties. Further, bifurcated discovery would not promote judicial economy, as

18　any discovery disputes would pertain to plaintiff's individual claims and the class' claims.

19　Therefore, the court will deny defendant's request to bifurcate discovery and grant plaintiff's

20　request for a 240-day discovery period.

21　　　　IT IS THEREFORE ORDERED that defendant's request to bifurcate discovery is

22　DENIED.

23　　　　IT IS FURTHER ORDERED that plaintiff's request for a 240-day discovery

24　period is GRANTED.

25　//

26　//

27　//

28　//

IT IS FURTHER ORDERED that the parties must submit a revised proposed joint discovery and scheduling plan that complies with this order within seven days from the date of this order.

DATED: April 9, 2019

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE